**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | | |
|---|---|---|
| DEAN GEORGE WALSH, | ) | NO. CV 15-02015-AB (AS) |
| Petitioner, | ) | **ORDER ACCEPTING FINDINGS,** |
| v. | ) | **CONCLUSIONS AND RECOMMENDATIONS** |
| NEIL McDOWELL, Warden, | ) | **OF UNITED STATES MAGISTRATE JUDGE** |
| Respondent. | ) | |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which Objection were directed. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation. However, the Court addresses certain arguments raised in the Objections below.

Petitioner contends that he is also entitled to habeas relief on his conviction and sentence for first degree burglary because

one of the four prior prison terms that were used to enhance his sentence (by one year) has since been reduced to a misdemeanor as a result of Proposition 47.[1] (Petitioner's Second Supplemental Lodgment; Docket Entry No. 38). However, because this claim was not raised in the petition, and is unexhausted, it is not properly before the Court. "A federal court may not grant habeas relief to a state prisoner unless the prisoner has first exhausted his state court remedies by fully and fairly presenting each claim to the highest court." Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009) (citation and internal quotation marks omitted); 28 U.S.C. § 2254(b)(1)(A(A). The Court also notes that this claim presents only a state law issue not cognizable on federal habeas review. Federal habeas corpus relief may be granted "only on the ground that [Petitioner] is in custody in violation of the Constitution or

---

[1] Petitioner's 39 years-to-life sentence consisted of a 25 years-to-life sentence for his first degree burglary conviction, two consecutive five-year terms for two prior serious felony convictions, and four consecutive one-year terms based on four prior prison sentences (including Petitioner's felony conviction for grand theft in Los Angeles Superior Court case number A031621) under California Penal Code section 667.5(d). See Report and Recommendation at 3. Effective November 5, 2015, Proposition 47 provided that under, California Penal Code Section 1170.18(f), "A Person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." On April 25, 2016, the Los Angeles Superior Court granted Petitioner's section 1170.18(f) application to have his felony conviction for grand theft, a violation of California Penal Code Section 487.1, designated as a misdemeanor conviction in case number A0316121. (Petitioner's Second Supplemental Lodgment at 4; Docket Entry No. 38).

laws or treaties of the United States." 28 U.S.C. § 2254(a). Matters relating to sentencing and serving of a sentence generally are governed by state law and do not raise a federal constitutional question. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether a particular prior conviction qualifies for sentence enhancement under California law is not cognizable on federal habeas corpus).

Petitioner's remaining objections to the Report and Recommendation are a reiteration of the arguments made in the Petition and have been addressed in the Report and Recommendation. Accordingly, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

**IT IS ORDERED** that Judgment be entered denying and dismissing the Petition with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 25, 2016.

_____
ANDRÉ BIROTTE JR.,
UNITED STATES DISTRICT JUDGE